�묘 Okay, the next case is number 14, 1267, Raloom Corporation Trust against GE Lighting Solutions. Mr. Ferry. Good morning. May it please the court. Dan Ferry on behalf of the appellant Raloom Corporation Trust and the proposed additional appellant Charles L. Wells, the trustee for the bankruptcy estate of Raloom Corporation. There are a few issues before the court. There is the motion to substitute parties. Yes, we have the motion. We will handle it after the argument. So turning to the issue on appeal, which is the license issue. The appeal concerns a settlement agreement entered into by Raloom Corporation and EcoLux, the predecessor of GE Lighting Solutions. As one part of that agreement, Raloom granted to EcoLux a non-exclusive patent license. The question is whether the parties intended for the license to be assignable. Unless the agreement unambiguously expresses the intent of the parties for the license to be assignable, then the case should be remanded to the district court. What does section 14 mean if it isn't an assignment? I think that's the question that the district court focused on and is the question that needs to be resolved on appeal. The most reasonable interpretation of section 14 is that it names the intended third-party beneficiaries of the agreement, the parties' respective affiliate successors in the science. Unless section 14 has this meaning, the affiliate successor in the science cannot maintain an action for breach of contract under Michigan law. In any event, section 14 does not unambiguously mean that all of the rights granted within the agreement are assignable. I guess I don't understand. It doesn't have a limitation. It says this agreement shall inert the benefit of affiliate successors in the science. This agreement in its entirety, it doesn't say certain sections. It seems like a general assignability clause. Can you try explaining your answer to me again? Yes. The section 14 does not say that expressly, it does not say that any rights are assignable or anything in the agreement is assignable. Section 14 all says that it inerts the benefit of the parties' respective affiliate successors in the science. By the use of the term assigns, section 14 clearly contemplates that the agreement itself is assignable. We don't dispute that, but it by no means follows that the license itself was intended to be assignable. The agreement can be assignable as it is written, in which the license is explicitly granted only to Equilux. The intent of section 14, we think, with the most reasonable interpretation, is that it names the intended third party beneficiaries, which is the affiliate successors in the science. Let me ask you a hypothetical. Suppose we had a two-clause agreement. The first clause says these patent rights are licensed to Equilux, and the second clause was this agreement is assignable by Equilux to anybody. Does that assign the patent rights in the first clause or not? In that case, Your Honor, from what I understand what you're saying, I think that it would. So you agree that the assignment clause doesn't have to specifically reference the patent rights to make the patent rights assignable? I would agree with that. So the question here, then, is whether 14 assigns the agreement or not? No, the question is whether the agreement as a whole expresses the intent for the license to be assignable. In section 14, the specific question, yes, is what does it mean in section 14? In my hypothetical, why you would read that as intending for the patent rights to be assignable or not assignable, whether the agreement intended by it doesn't adhere. It's the same thing, except whether 14 means what the assignment clause in my hypothetical means, isn't it? In your hypothetical, there's only two provisions in the agreement, correct? Well, that can't be the basis for your argument that there's a lot of other... I mean, I just threw out all the other provisions to make it simple, but that can't be the basis for your argument that the agreement's complicated. So it's not clear that the patent rights couldn't be assigned. Our basis for our argument is if you look at the agreement... I mean, I can make the hypothetical more complicated if you want. Say there are four clauses. Three of them are completely unrelated. The fourth one says the patent rights are assigned to Equilux, and then there's a fifth one that says this agreement can be assigned. Under that hypothetical, are the patent rights assigned? With the presumption of the non-assignability patent rights, or patent licenses, rather. Patent license rights must be... That was a yes or no question. I mean, I'm trying to determine what the basis for your argument that it can't be assigned is. Is it because if there's a lot of clauses, they have to be specific, but if there's only one clause, it's that they don't... The basis for our argument that they can't be assigned is that if you look at the agreement as a whole, it does not express an intent for license to be assignable. Section 14 does not say... Where do we look for that intent? If you look at Section 2 and you look at Section 5. Section 2 grants a license to Equilux exclusively. But Section 2 and Section 5 aren't the assignment clause. Section 14 is the assignment clause. Section 14 is not necessarily an assignment clause. So, I'm trying to get what we disagree about, and it seems to me that you say Section 14 does not assign the agreement. If we disagree with you and we find that Section 14 assigns the agreement, are you done? No, you aren't. Because the agreement can be assignable in itself, in itself as it's written, but does not mean that the license, which is explicitly granted... But it says the agreement is binding. Whether the agreement is assigning or not, you still have to overcome the plain language that says the agreement is binding on the assigns. That's the word in the contract. The agreement is binding on the assigns. I think the question in terms of... What is meant by it goes to the benefit of the assigns and successors. That's what is meant by binding. If it's binding on the assigns... That's what it says. Not if. It says it is. The agreement is binding on the assigns. No doubt, Your Honor. The agreement shall inure to the benefit of and be binding upon the parties and their assigns. We do not disagree that the agreement is assignable. I think a hypothetical I would propose is this. It's not hypothetical. It's the plain language of the contract. To explain our position, may I propose a hypothetical? Consider a large contract with 100 pages. In one provision of that contract, it grants a patent license. There's no successors in the signs clause. Does the inclusion of that patent license, which is presumptively non-assignable, render the entirety of the rest of the contract non-assignable? No. The patent license must be... Let me make sure I understand your hypothetical. In this entire huge contract, it has a bunch of provisions, including a patent license, but it has no assignment clause whatsoever. Correct, Your Honor. Well, that's not even remotely applicable to this situation because assuming 14 is an assignment clause, we have an assignment clause. My hypothetical shows that the patent license must be... If you don't have an assignment clause, you can't assign the agreement, even if by... I don't believe that's correct, Your Honor. If the agreement was freely assignable, you could assign the agreement. I think many of the cases cited by the parties... Okay, I understand. But we do have an assignment clause here. You have Section 14, and I think the question is... Is your position basically that in order to say a patent license is assignable, it has to say the patent license is assignable? It can't be part of a bigger agreement. I don't think our position is not that bold, Your Honor. Our position is that you must look at the contract as a whole to ascertain the intent of the parties. Here, where Section 2 grants the license explicitly to Ecolux, and Section 5 grants more limited patent rights explicitly to Ecolux as successor to... Okay, let me... I still don't understand. You're referring to this broad look at the intent of the agreement. We only have three provisions to look at, I assume you agree. There's nothing else we're looking at. We're looking at 2, 5, and 14. We know what 2 says. If 14 says all of the rights in this agreement are assigned to the parties and they're assigned or whatever, that's good enough, right? If Section 14 said that, that would be good enough. So we are really talking about what Section 14 means? Yes. Okay. Because Section 14 also says it's binding on the successors. Correct, Your Honor. Even if they're not assigned explicitly. So that's... And there's no dispute as to the succession, is there? There is no dispute as to the succession, but it's essentially, it goes to whether it was assigned. And the question is whether... So you're saying that despite the fact that 14 uses the word assigned, it's not really an assignment clause? That's correct, Your Honor. Okay. It certainly is not an assignment clause unambiguously for all the rights within the agreement. It says affiliates, successors, and assigned. That's correct. So you have to overcome all of that. If the intention of Section 14 was to make all the rights in the agreement assignable, what would be the purpose of mentioning affiliates? This names the intended third-party beneficiaries. Okay. Let's hear from the other side. Thank you. Mr. Ramey? May it please the Court. Good morning, Your Honors. Richard Ramey here on behalf of GE Lighting. With me at the Council table is Robert McGaughan with the Sutton McGaughan Firm. If I can start with the question Judge Hughes raised, which is what the intent of Section 14 is, I think the case law makes it very clear this is a common contract provision that is designed to enable the holder of the contract to assign it in its entirety. There's not a case that either party has cited in which a contract was found assignable, but somehow a right was carved out of it, and that's, we think, dispositive in this case. They've conceded it's an assignable contract. They've conceded it's been assigned. There's no dispute GE Lighting is a successor, and we think it's very clear that the license flows with the assignment. This notion that Section 14 is there for intended third-party beneficiaries we submit, as we've pointed out in our briefing, is just not correct. In fact, if it's read that way, it would create a conflict with Section 5, which names a whole host of other entities, such as... Certainly you agree that even the Section 14 general assignment clause of Section 2 had expressly indicated that that license was not assignable. 14 wouldn't trump that otherwise specific and clear language, right? That would create, at the very least, an ambiguity, which we don't have in this case. Section 2 is very clear. It's not limited in any way, and Section 14 is broad. I think their argument is, as I understand it, since Section 5 expressly lists all the third-party beneficiaries that are possible and Section 2 doesn't, that Section 2 is meant to indicate that those beneficiaries are not possible for Section 2. That is the argument, and our position on that is there is some redundancy between Section 5 and Section 2, but to read the contract according to its plain terms, that's all you have is some redundancy. To take it in their direction, read Section 14, we submit entirely out of the agreement. If Section 14 weren't in this agreement, would you then agree that Section 2 and 5, on their face, if Section 14 weren't present, that 5 would allow for assignment of that right, but 2 would not allow for assignment under those circumstances? That is correct, and we made that clear below as well. I think our position is that what their argument boils down to, and I think Judge Hughes hit on this, is that they are asking this Court to hold there are some special magic words in order to find assignability of an agreement, and they essentially say that in their briefing, where they say there's no case that we point to that uses language to show transfer of licensing rights. We fully accept that a patent license is a personal right, but the state courts and the federal courts who have dealt with this commonly confront personal rights in agreements, and we've cited many cases where there are agreements that are personal which require express consent to assign, and there's no reason to treat patent license rights any different from those rights. So, for those reasons, we think the District Court Judge here undoubtedly got this correct in his ruling on the license. If the Court has no further questions, I... No further questions for Mr. Rainey? Okay. Thank you, Mr. Rainey. Is there anything else you need to tell us? Yes, I'd like to address a couple of points made by the appellee. Regarding his comments about the case law, there is no case law, if you look at the case cited in the briefs, that say the intention of a successor in a science clause was to make all the rights granted within the agreement assignable. Nor is there any case that says the intention of a successor in a science clause or the inclusion of a successor in a science clause makes presumptively non-assignable rights within the context of the whole agreement assignable. I would also like to address another point that the counsel made, and that is that if the intention of Section 14 was to make every right within the assignment agreement... every right within the agreement assignable, that would render meaningless the use of the words successors in a science within Section 5. Simply put, the agreement does not say that the patent license wasn't assignable, nor does it say that all of the rights within the agreement were assignable. In the absence of any such language, where the parties explicitly granted the patent license to Equinox and explicitly granted more limited patent rights to Equinox and successors in science, it was error for the district court to conclude that the agreement unambiguously expresses intent for license to be assignable. Thank you.